## NATIONAL LABOR RELATIONS BOARD v. EAGLE MFG. CO.

### No. 4371.

Circuit Court of Appeals, Fourth Circuit.

Nov. 10, 1938.

Robert B. Watts, Associate General Counsel, National Labor Relations Board, of Washington, D. C. (Charles Fahy, General Counsel, and Laurence A. Knapp and Leonard Appel, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

P. J. McGinley, of Wheeling, W. Va., and Abraham Pinsky, of Wellsburg, W. Va. (George G. Bailey, of Wheeling, W. Va., on the brief), for respondent.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

National Labor Relations Board, in accordance with 49 Stat. 449, 29 U.S.C.A. § 151 et seq., prays the enforcement of an order, entered on the 7th day of April, 1938, directed to the Eagle Manufacturing Company, a West Virginia Corporation, engaged in the manufacture and sale of oilers, oil containers and specialties with its factory, offices and principal place of business at Wellsburg, West Virginia.

In October, 1937, the Steel Workers Organizing Committee on behalf of Lodge No. 1318, Amalgamated Association of Iron, Steel and Tin Workers of North America (hereinafter called the Lodge) filed charges before the Board alleging that the respondent had engaged in certain unfair labor practices affecting commerce as defined in the National Labor Relations Act.

The Board, after a hearing before an examiner and upon the evidence taken before him, found that the respondent was engaged in a business that subjected it to the jurisdiction of the Board and that the respondent had been guilty of unfair labor practices by efforts to discredit the Lodge and by initiating, urging the organization of, and supporting a company dominated union in violation of Section 8(2) of the Act, 29 U.S.C.A. § 158(2). The order of the Board required the employer to cease recognizing the company union and to post a notice to its employees stating that it would cease and desist from such unfair labor practices and comply with the order of the Board.

These questions are to be decided by this court: (1) Has the Board jurisdiction over the business of the respondent? (2) Did the employer engage in unfair labor practices by discouraging membership in the Lodge and by encouraging the formation of a company union? (3) Was that part of the order of the Board justified which required the employer to post notices to its employees stating that it would cease and desist in the manner aforesaid?

As to the first question, the undisputed facts show that the respondent is engaged in the manufacture and sale of oilers, oil containers and wrought iron specialties and that of the materials used in the manufacture of these articles about seventy-five per cent is received from outside the State of West Virginia, where its plant is located. Approximately ninety-five percent of the finished products is shipped to points outside the State of West Virginia. Respondent's business was around $750,000 for the year 1936 and it made sales through sales offices located in twenty-four different cities.

We are of the opinion, upon these facts, that the business of the respondent falls within the purview of the Act. There are a number of decisions that sustain the jurisdiction of the Board over similar businesses. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; National Labor Relations Board v. Fruehauf Trailer Company, 301 U.S. 49, 57 S.Ct. 642, 630, 81 L.Ed. 918, 108 A.L.R. 1352; National Labor Relations Board v. Friedman-Harry Marks Clothing Company, 301 U.S. 58, 57 S.Ct. 645, 630, 81 L.Ed. 921, 108 A.L.R. 1352.

This court has repeatedly held to the same effect. Jeffery-DeWitt Insulator Co. v. National Labor Relations Board, 4 Cir., 91 F.2d 134, 112 A.L.R. 948, certiorari denied 302 U.S. 731, 58 S.Ct. 55, 82 L.Ed. —; Mooresville Cotton Mills v. National Labor Relations Board, 4 Cir., 94 F.2d 61, opinion upon rehearing July 14, 1938, 4 Cir., 97 F.2d 959; Standard Lime & Stone Company v. National Labor Relations Board, 4 Cir., 97 F.2d 531; National Labor Relations Board v. Wallace Manufactur-

ing Company, 4 Cir., 95 F.2d 818; National Labor Relations Board v. J. Freezer & Son, 4 Cir., 95 F.2d 840.

 On the second question it is clear that there was ample evidence to sustain the finding of the Board that the respondent encouraged the formation of a company union known as the Eagle Employees Alliance and at the same time antagonized and opposed other forms of employees' organizations. These actions constituted unfair labor practices within the meaning of the Labor Act. It is not necessary to cite authorities to the effect that this court is bound by the Board's findings of fact as to matters within its jurisdiction, where the findings are supported by substantial evidence.

 As to the third question we fully considered the point involved in National Labor Relations Board v. A. S. Abell Company, 4 Cir., 97 F.2d 951, decided July 14, 1938, where Judge Soper of this court said [page 958]:

"It is pointed out that the statement of the employer that it will cease and desist from the prohibited actions necessarily implies that it has been guilty in the past of the unfair practices charged; and it is contended that neither court nor administrative tribunal should compel a person against his will to admit an infraction of the law, even if he has been convicted thereof by duly constituted authority. We are in accord with this view. The responsibility of enforcing an order of the Board is imposed upon this court, and if necessary, compliance may be compelled by attachment for contempt. We think that the power to compel a person to confess the commission of an illegal act, if such power exists, should not be exercised in Labor Board cases; and that a refusal to confess, when ordered by the Board to do so, should not be punished under the power of the court to enforce obedience to its decrees."

The purposes of the Act will be fully met if the employer is required to post in a conspicuous place at its plant a notice to its employees which contains a copy of the order of the Board, together with a statement that the order has been approved by this court and is binding upon the employer and that the employer will abide by and comply with it.

A decree of this court will be signed in accordance with this opinion directing that the order as modified be enforced.