## NATIONAL LABOR RELATIONS BOARD
### v. NEBEL KNITTING CO., Inc.
#### No. 4458.

Circuit Court of Appeals, Fourth Circuit.
April 28, 1939.

Mortimer B. Wolf, Atty., National Labor Relations Board, of Washington, D. C. (Charles Fahy, General Counsel, Robert B. Watts, Associate General Counsel, and Samuel Edes and Joseph B. Robison, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Richard E. Thigpen, of Charlotte, N. C., for respondent.

Before PARKER and SOPER, Circuit Judges, and WAY, District Judge.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board finding that respondent has interfered with, restrained and coerced its employees in the exercise of rights guaranteed by section 7 of the National Labor Relations Act, 29 U.S.C.A. § 157, and has engaged in unfair labor practices by discriminating in regard to tenure of employment and thereby discouraging membership in a labor organization within the meaning of section 8 of the Act, 29 U.S.C.A. § 158. The order contains the usual cease and desist provisions and directs the reinstatement of six discharged employees with "back pay".

■ The jurisdiction of the Board is clear. National Labor Relations Board v. Benjamin Fainblatt et al., 59 S.Ct. 668, 83 L. Ed. ——. And the motion to dismiss the petition because of a delay in filing it must be denied. While the delay of eleven months in filing the petition is unusual, there is no limitation in the statute which would justify its dismissal on that account; and, if respondent was aggrieved by the delay, it had a full and complete remedy in the right to petition for a review of the order under section 10(f) of the Act, 29 U.S.C.A. § 160(f).

■ An examination of the record shows that the order was based upon substantial evidence. The hostility of respondent to the organization of its employees was amply shown by public statements of its president and by notices given the employees as well as by the discriminatory discharges complained of. While respondent adduces evidence that the discharges were on account of inefficiency and violation of rules, there is ample evidence from which the conclusion could be drawn that they resulted from the union membership and activities of the employees discharged. It was for the Board to weigh the evidence and find the facts established by it; and we cannot say that its findings lacked substantial support therein.

■ The order requiring the posting of notices should be modified in accordance with the rule laid down by this Court in National Labor Relations Board v. A. S. Abell Co., 4 Cir., 97 F.2d 951, 958, 959; National Labor Relations Board v. Eagle Mfg. Co., 4 Cir., 99 F.2d 930; and Virginia Ferry Corp. v. National Labor Relations Board, 4 Cir., 101 F.2d 103, 106. The purposes of the Act will be fully met if respondent is required to post a notice to its employees which contains a copy of the order of the Board together with a statement that the order has been approved by this Court and is binding upon respondent and that respondent will abide by and comply with it. As so modified, the order will be enforced.

Order enforced.